# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL T. SMITH, Administrator for the Estate of Jack Sells, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR CO., Administrator for the Savings and Stock Investment Plan <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> _____ <br><br> (From the State Court of Cobb County, Georgia, File No. 2013-A-1620-2) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Ford Motor Company ("Ford") files this Notice of Removal pursuant to 28 U.S.C. § 1446, and shows this Honorable Court as follows:

1.

This action was commenced in the State Court of DeKalb County, Georgia, on or about May 29, 2013, and a copy of Plaintiff's Complaint setting forth the claim for relief upon which the action is based was first received by Ford on June 4, 2013.

2.

This action is a civil action in which Plaintiff alleges tort and contractual damages under Georgia law arising out of Ford's administration of an employee benefit plan. The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over this action pursuant to 28 U.S.C. § 1331 by reason of the federal question raised by Plaintiff's claims.

3.

The Complaint alleges that:

Prior to his death, Jack Sells was a salaried employee of the Defendant. As a salaried employee, Mr. Sells contracted for and contributed to a Savings and Stock Investment Plan (SSIP) payable to Mr. Sells upon his retirement and/or death.

(Complaint, ¶2)

4.

All of Ford's duties to the Estate of Jack Sells ("Estate") alleged in the Complaint arose under the terms of the SSIP and Ford's maintenance and administration of the SSIP. Plaintiff's "Count One: Breach of Contract" alleges that Mr. Sells "contracted for the above-mentioned SSIP payable to Mr. Sells upon his retirement and/or death" and that Ford "continues to refuse to remit the SSIP

funds to the Estate." (Complaint, ¶18). Plaintiff's "Count Two: Breach of Fiduciary Duty" alleges that Ford "maintains the decedent's SSIP funds," and "refuses to remit the same to the decedent's Estate" and that the Estate "has suffered damages [in] the amount of no less than $41,851.21," the amount of the SSIP account on December 31, 2012. (Complaint, ¶¶23-29 and its Exhibit "G"). Plaintiff's "Count Three: Conversion" alleges that Ford "wrongly holds possession of the decedent's SSIP funds while knowing said funds properly belong to the Estate of Jack Sells" and that the Estate "continues to suffer damages…in that it continues to be deprived of the use and enjoyment of the SSIP funds." (Complaint, ¶34). Plaintiff's "Count Four: Attorney's Fees" alleges that he is entitled to fees due to Ford's "actions as detailed above." (Complaint, ¶36). Plaintiff's "Count Four [sic]: Punitive Damages" alleges that Ford "[b]y the actions detailed above…wrongfully and knowingly converted the Estate's assets." (Complaint, ¶38).

5.

The SSIP is an employee benefit plan governed by the Employment Retirement Insurance Security Act ("ERISA") 29 U.S.C. § 1001, et. seq. *See* 29 U.S.C.A. § 1002(2)(A)("employee pension benefit plan" regulated by ERISA includes employer-sponsored program providing "retirement income to

employees" or "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond"). As a salaried employee of Ford, Mr. Sells contracted for and contributed to the SSIP, and the SSIP is payable to Mr. Sells upon his retirement and/or death. (Complaint, ¶2). Ford contributed funds to the SSIP as well. (Complaint, Exhibit F, p. 4). Ford is the Plan Administrator for the SSIP. (Complaint, ¶3). Ford maintains the SSIP in a separate fund and issues quarterly statements. (Complaint, Exhibit F).

6.

ERISA completely pre-empts all state law claims alleged in Plaintiff's Complaint because they "relate to" the SSIP employee benefit plan. 29 U.S.C.A. § 1144(a). Under the doctrine of complete preemption, state court claims that relate to ERISA are removable to this Court under 28 U.S.C. §1441(b) even though a claim under ERISA does not appear on the complaint's face.

> Complete preemption under ERISA derives from ERISA's civil enforcement provision, §502 [29 U.S.C. § 1132(a)], which has such "extraordinary" preemptive power that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."

Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1344 (11th Cir. 2009) *citing* Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987). "Consequently, any 'cause of action

4

within the scope of the civil enforcement provisions of § 502(a) is removable to federal court.'" *Id.*

7.

Therefore, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C.A. § 1331 (general federal question jurisdiction provision), and 29 U.S.C.A. § 1132(e) (ERISA jurisdiction provision). Federal question jurisdiction arises because Plaintiff's claims relate to an employee benefit plan and thus are pre-empted by ERISA, as discussed above.  As a civil action founded on a claim or right arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C.A. § 1441(a) and (b).

8.

Copies of all process, pleadings and orders which have been served upon Ford in the state court action are attached hereto as Exhibit 1.

9.

Ford will properly provide notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

10.

Ford files this Notice of Removal within thirty (30) days from the first date of service of this Defendant, pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendant Ford Motor Company requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this 3rd day of July, 2013.

**OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP**

/s/ Philippa V. Ellis
Philippa V. Ellis
Georgia Bar No. 711715
Adam P. Ford
Georgia Bar No. 355079
1180 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30309-3574
Telephone: (404) 688-2600
Facsimile: (404) 525-4347
Email: ellis@og-law.com
Email: aford@og-law.com
ATTORNEYS FOR TITEFLEX

## CERTIFICATE OF COMPLIANCE

By her signature below, and as required by N. D. Ga. R. 7.1, counsel for Defendant FORD MOTOR COMPANY, certifies that the foregoing pleading has been prepared with Times New Roman font, size 14.

/s/ Philippa V. Ellis
Philippa V. Ellis

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of July, 2013, I electronically filed: **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record: *None*.

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: *Michael T. Smith, Administrator for the Estate of Jack Sells, c/o his attorneys, Robert W. Hugh, Jr. and Shaw A. Owen, Robert W. Hughes & Associates, P.C., 2415 West Park Place Boulevard, Suite B, Stone Mountain, Georgia 30087*.

This 3rd day of July, 2013.

      **OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP**

      /s/ Philippa V. Ellis
      Philippa V. Ellis
      Georgia Bar No. 711715
      Adam P. Ford
      Georgia Bar No. 355079
      1180 Peachtree Street, N.E., Suite 3000
      Atlanta, Georgia 30309-3574
      Telephone: (404) 688-2600
      Facsimile: (404) 525-4347
      Email: ellis@og-law.com
      Email: ford@og-law.com